**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHEENA WEARING, | : | CIVIL ACTION NO. 1:26-CV-916 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| TRANSUNION CONSUMER | : | |
| SOLUTIONS, | : | |
| | : | |
| Defendant | : | |

## ORDER

This matter comes before the court upon the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl Bloom, wherein Judge Bloom dismisses the complaint without prejudice on grounds that *pro se* plaintiff Rasheena Wearing's claims are barred by the Fair Credit Reporting Act's (FCRA") statute of limitations. (Doc. 4 at 5-7).

The court notes that no objections have been filed. See FED. R. CIV. P. 72(b)(2). Our court of appeals has made clear that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level." Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)). However, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the R&R, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes.

After reasoned consideration of Judge Bloom's R&R, the court finds it to be sound and adopts it in its entirety. As Judge Bloom correctly noted, an action enforcing liability under the FCRA must be brought "not later than the earlier of" (1) two years after the date the Plaintiff discovers the violation, or (2) five years after the date the violation occurs. 15 U.S.C. § 1681(p).

In this matter, Wearing's complaint alleges she disputed several incorrect facts of her credit report in April of 2023. (Doc. 1 ECF at 2). However, Wearing did not file her action until roughly three years later on April 10, 2026. (Id. at ECF 1). Although Wearing alleges she "sent over 25 disputes and made over 100 phone calls[,]" (Id. at ECF 2), there is no indication from the complaint that these disputes took place within the FCRA's statute of limitations, see Escobar v. Pa. Higher Educ. Assistance Agency Servs. LLC, 2018 WL 1740364, at *4-5 (E.D. Pa. Apr. 11, 2018) (holding every instance of a dispute can serve as the basis for a FCRA action). Still, because it is conceivable Wearing may be able to allege facts falling within the statute of limitations, she will be granted leave to file an amended complaint.

Thus, AND NOW, this 25th, day of June, 2026, it is hereby ORDERED that:

1.   Chief Magistrate Judge Bloom's R&R (Doc. 4) is ADOPTED.

2.   The motion (Doc. 2) for leave to proceed *in forma pauperis* is GRANTED.

3.   Wearing's complaint (Doc. 1) is DISMISSED without prejudice.

4.   Wearing is granted leave to file an amended complaint on or before **July 31st, 2026**.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

3